

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2007

# USA v. Alvarado-Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3781

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Alvarado-Martinez" (2007). *2007 Decisions.* Paper 181.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/181

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 06-3781, 06-3782
_____

UNITED STATES OF AMERICA

v.

HERIBERTO ALVARADO-MARTINEZ,

Appellant at No. 06-3781

_____


UNITED STATES OF AMERICA

v.

ROMEO NUNEZ-FLORES,

Appellant at No. 06-3782

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 06-cr-00144-1 and 06-cr-00150-1 )
District Judge:  The Honorable Donetta W. Ambrose

_____


Submitted Under Third Circuit LAR 34.1(a)
October 31, 2007
Before: RENDELL and NYGAARD, Circuit Judges, and McCLURE,* District Judge.

_____

*Honorable James F. McClure, Jr., District Judge for the United States District
(continued...)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will deny the appeals of Mr. Nunez-Flores, and Mr. Alvarado-Martinez.[1]

Mr. Nunez-Florez and Mr. Alvarado-Martinez pleaded guilty to the possession of false or altered permanent resident alien cards ("green cards"). The plea agreements preserved the probable cause challenge that they both raised in pre-trial motions seeking to suppress, *inter alia*, the green cards as fruits of an unreasonable search.

_____

[*](...continued)
Court for the Middle District of Pennsylvania, sitting by designation.

[1]The appeals were consolidated for disposition by Order dated December 12, 2006.

Appellants were passengers in a car driven by a man who was illegally present in the United States. A police officer stopped the vehicle for speeding. The officer observed that all of the men were Hispanic. He asked for a driver's license from the driver, and learned that he did not have one. He asked the driver if either passenger had a license and he said that they did not. The officer then asked both passengers directly, in English, to provide identification. Both men handed him a green card, and identification cards written in Spanish.

The officer questioned the authenticity of one identification card from each passenger, making him suspicious that he did not have accurate information. He ran a check of the names and birth dates to learn if any of them had any valid identification or any outstanding warrants. After the check did not produce any positive identification, the officer instructed each man, in English, to get out of the car one at a time. They complied.

The officer asked the men if they were illegally present in the United States. The driver answered "yes," and at the same time the two passengers immediately put their heads down. The officer interpreted this movement of their heads to be a non-verbal agreement with the driver's answer. After relaying information about the stop to Immigration and Customs Enforcement, the officer followed its instructions to transport the men to the Allegheny County Jail.

The District Court concluded that the officer obtained the false green cards pursuant to a lawful arrest. We agree. The District Court appropriately assessed the

3

totality of the circumstances, noting: the lawfulness of the traffic stop; the lack of driver's licenses; the officer's general concerns about a lack of positive identification; the various indicia that led the officer to conclude that the men acknowledged their illegal presence in the country; and, the instruction of Immigration and Customs Enforcement to detain the men. *United States v. Myers,* 308 F.3d 251, 255 (3d Cir. 2002). We do not find any error in the District Court's judgment that, at the time of arrest, a reasonable officer in these circumstances would find probable cause to arrest the men for violation of immigration laws. Therefore, we will affirm the District Court's Order of Conviction of Mr. Nunez-Flores and the Order of Conviction and Sentence of Mr. Alvarado Martinez.